**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ANTONIO CASTRO,**
    **Plaintiff,**

vs.                                                      **Case No.: 3:08cv176/LC/MD**

**PATRICK L. JACKSON,**
    **Defendant.**
_____

**REPORT AND RECOMMENDATION**

      This cause is before the court upon plaintiff's civil rights complaint (doc. 1) filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is proceeding *pro se*, has been granted leave to proceed *in forma pauperis* (doc. 5), and has paid the initial partial filing fee (doc. 7). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

      Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is a federal inmate currently confined at Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania. (Doc. 1, p. 2). He is suing Patrick L. Jackson, a private attorney in Pensacola, Florida, claiming that Mr. Jackson provided ineffective assistance of counsel as plaintiff's court-appointed attorney in a criminal proceeding in this court. Specifically, plaintiff alleges that he entered a guilty plea pursuant to a plea and cooperation agreement which provided that plaintiff would "do half of [his] sentence." Upon being sentenced in October of 2002, Mr. Jackson told plaintiff that it was "not necessary to appeal because [plaintiff was] going to do in prison like five years or less." Plaintiff complains that he has now served seventy-three months, and "nothing happened." As relief, plaintiff requests that the court assign him a new public defender to assist him in filing a motion "about the agreement that [plaintiff] signed." (Doc. 1, p. 5). Plaintiff also

requests that the sentencing judge reconsider the two-point enhancement plaintiff received for possession of a firearm.  (*Id.,* p. 6).

Although plaintiff filed his complaint on the form for use in actions arising under 42 U.S.C. § 1983 which pertains to conduct committed by a person acting under color of <u>state</u> law, plaintiff neither claims nor alleges facts to suggest that defendant Jackson was acting under color of state law.  Rather, plaintiff alleges Mr. Jackson was acting in his capacity as a <u>federally</u>-appointed defense attorney when he engaged in the alleged misconduct.  The cause of action available to a prisoner claiming a violation of his civil rights by a <u>federal</u> official is 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  Thus, plaintiff's complaint is construed as arising under *Bivens*.

As in the analogous action against a state officer under 42 U.S.C. § 1983, in any action under 28 U.S.C. § 1331 and *Bivens*, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of federal law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001); *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (holding that because of the similarity in *Bivens* and § 1983 causes of action, courts generally apply § 1983 law to *Bivens* cases) (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

With regard to the first requirement, it is well settled that a § 1983 or *Bivens* action "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.,*

344 F.3d 1263, 1277 (11th Cir. 2003) (citation and quotation marks omitted). A public defender or defense attorney does not act under "color of federal law" when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, notwithstanding his appointment by a judicial officer. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Here, plaintiff challenges his plea and sentence on grounds of ineffective assistance of counsel – Mr. Jackson's alleged misadvice concerning the consequences of the plea agreement and the desirability of filing an appeal. These claims cannot proceed under *Bivens* because Jackson was not acting under color of federal law. *Polk County*, 454 U.S. at 325, 102 S.Ct. at 453. Because the facts as pleaded do not state a *Bivens* claim against attorney Jackson that is plausible on its face, this case should be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii).[1]

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 18th day of July, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1]This case is also due to be dismissed on the ground that plaintiff seeks relief in the nature of habeas corpus – he claims he is illegally incarcerated as a result of Mr. Jackson's alleged deficient performance during his federal criminal trial proceeding, and seeks to vacate or modify his sentence. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus, when a prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841. Regardless of the label plaintiff may place on this action, in order to challenge the validity of his conviction and sentence on the grounds of ineffective assistance of counsel, he must pursue his claims through a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

### **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**